HOLDAWAY, Judge,
dissenting:
I respectfully dissent with the holding of the majority. I do so reluctantly because the result reached by the majority is a good equitable result, given the fact that the VARO’s negligence and actions, as ably noted in the majority opinion, were certainly the principal cause in creating the overpayment to the appellant. However, this Court is a court of law, not a court of equity. Unless the Board was clearly erroneous in its factual finding that VA was not solely to blame, this Court cannot overturn that finding, no matter how much we may wish to do so out of sympathy for this appellant.
My review of this case ineluctably leads me to the conclusion that the Board’s finding was firmly based in the record which clearly indicated that the appellant was well aware of the fact that he was receiving overpayments. The inescapable conclusion is that while VA was primarily at fault for the creation of the overpayment, there still is an element of fault on the appellant’s part because he accepted money to which he was not entitled. To find that VA was not solely to blame is not intended to excuse the errors made in creating the overpayments but simply applies the requirements for a valid creation of the debt set forth by the law. Had the appellant pursued an equitable waiver of this valid debt, I believe that there would have been a strong ease for relief, assuming that the other factors for waiver had been present. See 38 C.F.R. § 1.965. Nonetheless, the appellant sought to deny the validity of the indebtedness and argued that this error was solely the fault of VA and, for whatever reason, eschewed a request for waiver of the indebtedness.
I note parenthetically that to the extent that there is an inference that VA acted somewhat ogreishly in attempting to recover an overpayment which its negligence was largely responsible for creating, it should be borne in mind that the appellant did receive monies to which he was not legally entitled. VA acted reasonably and responsibly in trying to recapture the windfall that the appellant received.